IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLYDE M. NORFLEET, ) | |
| ) | |
| Petitioner ) | |
| ) | NO. 3:19-cv-00536 |
| v. ) | |
| ) | |
| VANDERBILT UNIVERSITY, ) | |
| ) | |
| Respondent. ) | |

TO: The Honorable William L. Campbell, Jr., District Judge

**REPORT AND RECOMMENDATION**

For the reasons state below, the Magistrate Judge recommends the claims against the Defendant, Vanderbilt University, be dismissed without prejudice for failure to obtain service of process.[1] .

**I. BACKGROUND**

Although unnecessary since the Plaintiff paid the filing fee, the matter was reviewed by Judge Campbell and in his Order (DE 6) entered on June 2, 2019 he noted the Plaintiff was responsible for effecting service of process on the Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedures and was provided information about that process. Plaintiff was also cautioned he needed to keep a current address on file with the Court at all times. Within that

---

[1] Given the one (1) year statue of limitation, it may be even though the dismissal is without prejudice, any claim against this Defendant will be barred by the applicable statute of limitations in the absence of appropriate tolling or other provisions of law. The Plaintiff filed his complaint against Vanderbilt University on June 27, 2019 and paid the required filing fee (DE 1). The Clerk issued summonses to Vanderbilt University that same day and the Electronic Filing System (ECF) note indicates the service copies were picked-up by counsel. Since the Plaintiff is proceeding *Pro Se* this note is read as the summons having been picked up by the Plaintiff

same order, he referred the matter to the undersigned for case management and a Report and Recommendation as to any dispositive matter.

Following this referral I reviewed the matter and noted the Plaintiff had been given summons to serve on the Defendant. He was specifically told once he had served Vanderbilt he needed to file needed to file a Notice of Completing Service and how he did it with the date of service. The Order also noted the Plaintiff did not set out specific facts in his complaint or attach in lieu of specific facts his EEOC complaint. He was directed to file a copy of his EEOC complaint (DE 7). The Plaintiff complied with this request and filed a copy of his EEOC complaint on July 19, 2019 (DE 8) . On September 3, 2019 (DE 9) the Plaintiff was again reminded he had not provided proof of service on the Defendant and unless he requested more time his case was subject to dismissal without prejudice after 90 days in accordance of Fed. R. Civ. P. 4(m). On September 26, 2019 (DE 10) the Plaintiff returned the Summons for Vanderbilt as unexecuted with a notation that the United States Post (USPS) Office lost it. The USPS tracking report which the Plaintiff attached to his Notice does in fact show the mail was in transit as of July 31, 2019 and was not further tracked[2]

The Plaintiff secured new summonses for Vanderbilt from the Clerk's Office on September 26, 2019 and the notation (DE 11) shows service copies were given to the Plaintiff at Intake.

Nothing else occurred until November 19, 2019 when the undersigned entered an Order requesting the Plaintiff to show cause why he should not recommend the case be Dismissed Without Prejudice for failure to obtain service on the Defendant. The Order noted the Plaintiff was issued new summonses on September 26, 2019 but he had not returned the summons as served. The Plaintiff was specifically notified unless he could show good cause for an extension of time

---

[2] The undersigned ran the tracking number as of the date of this report and the USPS tracking report shows the last entry in fact was the mail was in transit as of July 31, 2019 to the next facility.

or actual service on the Vanderbilt by December 9, 2019, a recommendation would be made that his case be Dismissed Without Prejudice. This Order was sent by certified mail and a return receipt signed by the Plaintiff was returned showing the Order was delivered on November 23, 2019.

This is the last entry in the docket. There has been no proof of service on Vanderbilt or any response from Vanderbilt.

## II. Legal Discussion

Fed. R. Civ. P. 4(m) provides the Defendant must be served within 90 days of the filing of the lawsuit or the Court on its own motion after notice to the Plaintiff must dismiss the action without Prejudice or order service be made within a specific time. In this case, the Plaintiff filed his complaint on June 27, 2019. The 90-day period would have expired on September 25, 2019. On September 26, 2019 the Plaintiff notified the Court his original attempt at service had been thwarted because the Post Office had lost his mail, and he also secured new summons on that same date (DE 10 and 11).

Unfortunately the Plaintiff has filed nothing else with the Court. On November 19, 2019 the undersigned issued an Order pointing out the Plaintiff had been issued new summons on September 26, 2019 and unless he could show good cause for an extension of time or actual service on Vanderbilt by December 9, 2019, this case would be recommended for dismissal without prejudice.

As of the date of this Report and Recommendation which is more than 90 days after the new summons was issued and three weeks pass the December 9, 2019 deadline, the Plaintiff has filed nothing with the Court.

Under Fed. R. Civ. P. 4(m) a dismissal with or without prejudice is a drastic remedy and before the Court contemplates dismissing an action under Rule 41(b), the Court must specifically consider:

"(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) where the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999)".

In this case, the Plaintiff has been cautioned about the need to obtain service of process and after the first attempt at service was foiled by the apparent loss of the summons by the Post Office, the Plaintiff was issued new summonses and he has failed to meet the Court's December 9, 2019 deadline to either show proof of service or to show a need for additional time. Obviously a Defendant cannot begin to prepare a defense until the Defendant has notice of the lawsuit. In this case, the Plaintiff has been warned on several occasions of the need to complete service of process and finally, the undersigned has considered and adopted the less drastic recommendation of dismissal without prejudice. The Court must be able to control its docket to move cases towards resolution. That is simply not possible in this case despite the Court having the given the Plaintiff a specific deadline of December 9, 2019 to either show cause or to justify a need for extra time.

### III. Recommendation

For the reasons stated above, the Magistrate Judge recommends the case be dismissed without prejudice for failure to obtain service of process and to obey Court orders.

Any party has fourteen (14) days from receipt of the Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said

objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

Respectfully submitted,

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge